UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTEN C.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-5548 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting her symptom testimony and the medical opinion evidence. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 54 years old, has at least a high school education, and has worked as a certified nurse assistant and home health aide. Admin. Record (AR) 38–39. In March 2020, Plaintiff applied for benefits, alleging disability as of September 1, 2017. AR 98, 122. Plaintiff's application was denied initially and on reconsideration. AR 119, 129. The ALJ conducted a hearing in January 2022, where Plaintiff amended her alleged onset date to December 12, 2019. AR 52. In March 2022, the ALJ issued a decision finding Plaintiff not

disabled.  AR 12–46.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.      Plaintiff's Symptom Testimony

Plaintiff testified she injured her back while working as a caretaker.  AR 59–60.  She stated that because of this injury, she cannot sit for long periods of time or lift heavy things.  AR 63, 65.  She stated she can manage her self-care, perform some household chores, and help her family, but when she is not, she is relaxing or laying down.  AR 61–62.  Plaintiff also testified she has chronic obstructive pulmonary disease (COPD), which has worsened over the years.  AR 60.  She explained she has shortness of breath whenever she does anything, including walking up the stairs, getting dressed, or walking to the mailbox.  AR 64.  She explained she gets winded unless she is sitting still.  *Id*.  She explained that two to three times a week, she has to lay in bed because she has difficulty breathing.  AR 65–66.  She explained she spends the majority of her day reclining or sitting.  AR 65.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

      Here, in rejecting Plaintiff's testimony, the ALJ noted several inconsistencies between the alleged severity of her symptoms and the record. AR 23. The ALJ first noted inconsistencies in Plaintiff's statements regarding her schooling and the time she spent taking care of family. AR 23–24. An ALJ may reject a claimant's symptom testimony when the claimant makes inconsistent statements concerning her symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). During the hearing, Plaintiff testified to spending four hours a day, five days a week with school and "not much" time helping her daughter and granddaughter because they were typically self-sufficient. AR 62. However, the ALJ noted that the records indicate Plaintiff dedicated more time to these specific activities than Plaintiff stated. AR 24. The specific records the ALJ cited to shows Plaintiff's schedule was "busy" from school activities and there were occasions when Plaintiff spent all day working on schoolwork that she neglected her home exercises. AR 24 (citing AR 736, 832). As the ALJ noted, these contradict Plaintiff's statement that she spends most of her day reclining or sitting. *See* AR 65.

      The ALJ also rejected Plaintiff's testimony regarding her back issues based on objective medical evidence. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed to Plaintiff's physical examinations showing normal range of motion, normal muscle strength and tone, and Plaintiff's ability to move around with no observations of pain. AR 455, 527, 549–50. In a physical evaluation, Plaintiff was also

found to have a good functioning in standing, walking, sitting and other exertional activities, and excellent functioning in balancing. AR 554. However, some of the other records cited by the ALJ also show Plaintiff's walking, sitting, and standing ability and trunk range of motion are much more limited, undermining the ALJ's assessment of the record. *See* AR 725, 737, 851–82, 865–68. The ALJ's reasoning is not supported by substantial evidence, therefore in rejecting Plaintiff's testimony regarding her back issues based on objective medical evidence, the ALJ erred.

In rejecting Plaintiff's testimony regarding her breathing issues, the ALJ pointed to Plaintiff's noncompliance with instructions that she quit smoking. AR 24. "Failure to follow prescribed treatment may 'cast doubt on the sincerity of the claimant's pain testimony.'" *Trevizo*, 871 F.3d at 680 (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff's treating sources believed her chronic cough to be likely due to her COPD and "perpetuated by her smoking." AR 582. Although Plaintiff was provided cessation counseling and encouraged to quit smoking, Plaintiff continued to smoke. AR 529, 568, 582, 798. However, the record shows Plaintiff could not afford nicotine patches, which had previously helped with quitting. *See* AR 525. "Disability benefits may not be denied because of the claimant's failure to obtain treatment [s]he cannot obtain for lack of funds." *Trevizo*, 871 F.3d at 681 (citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)). Further, the record shows Plaintiff was starting to decrease the number of cigarettes she smoked every day, indicating some progress with the cessation of her smoking. *See* AR 579–80, 765, 795–98. Thus, in rejecting this portion of Plaintiff's testimony based on her noncompliance with treatment, the ALJ erred.

However, the ALJ permissibly rejected this portion of Plaintiff's testimony based on her "largely unremarkable respiratory and cardiovascular exam findings." AR 27–28. As previously

stated, objective medical evidence that is inconsistent with the claimant's testimony undercuts that claimant's testimony. *Smartt*, 53 F.4th at 498. The records the ALJ cited shows Plaintiff presented with no respiratory distress, normal respiratory effort, or no wheezes, despite reports of symptoms. AR 442, 455, 527, 567, 763, 765–66, 797. The ALJ also noted medication was effective for Plaintiff's breathing. AR 579, 582. During a therapy session, Plaintiff was observed as "short of breath," but her therapist also noted Plaintiff had not taken her treatment that morning. *See* AR 847. Observations of Plaintiff's improvement is another valid reason to reject her testimony. *See* 20 C.F.R. § 404.929(c)(3) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms).

In sum, inconsistencies in Plaintiff's statement, objective medical evidence, and reports of improvement were valid reasons, supported by substantial evidence, to reject Plaintiff's symptom testimony. And because the ALJ provided at least one valid reason to reject all portions of Plaintiff's testimony, any erroneous reasons proffered by the ALJ are rendered harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**2.     Dr. Ortega**

Plaintiff contends the ALJ erred in rejecting Dr. Ortega's medical opinion. Dkt. 8 at 9. In December 2019, Dr. Ortega opined that Plaintiff has COPD, chronic mid- and low-back pain, and depression, which all affect Plaintiff's ability to work. AR 419. He indicated Plaintiff is limited to "1–10 hrs" in bending over, reaching above, and lifting heavy objects. *Id*. He opined Plaintiff is limited to sedentary work. AR 420. In August 2021, Dr. Ortega again opined

1  Plaintiff's chronic lower back pain and COPD affects his ability to work, lift heavy objects, and
2  stand or sit for long periods of time. AR 778. Dr. Ortego also again opined that Plaintiff should
3  be limited to sedentary work. AR 779.

4        ALJs must consider every medical opinion in the record and evaluate each opinion's
5  persuasiveness, with the two most important factors being "supportability" and "consistency." !
6  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a). Supportability
7  concerns how a medical source supports a medical opinion with relevant evidence, while
8  consistency concerns how a medical opinion is consistent with other evidence from medical and
9  nonmedical sources. *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2). Under the new regulations, "an
10 ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent
11 without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

12       Here, the ALJ permissibly found Dr. Ortega's opinions unsupported by his own treatment
13 notes. AR 35. Dr. Ortega's notes certainly attest to Plaintiff's symptoms, but they do not
14 provide any relevant evidence or explanation that support the limitations Dr. Ortega proposed,
15 especially his opinion that Plaintiff be limited to sedentary work. *See* AR 589, 862. Instead,
16 they seem to undermine the severity of his opinions, as they state Plaintiff's back pain is
17 "intermittent," and Plaintiff had good strength with no tenderness with his back. *Id*. They also
18 show normal findings with regard to Plaintiff's lungs and heart. AR 862. Plaintiff argues the
19 ALJ failed to cite to the correct supporting records, but Plaintiff points to the findings of a
20 different medical source, not the findings of Dr. Ortego. *See* Dkt. 8 at 10; AR 865.

21       The ALJ also found Dr. Ortega's opinion inconsistent with Plaintiff's record. AR 35.
22 However, the Court need not assess whether this evaluation was erroneous, because by making a
23 permissible supportability finding, the ALJ provided a valid reason to reject Dr. Ortega's

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

opinion.  *Woods*, 32 F.4th at 793 (affirming the ALJ's evaluation of a medical opinion based on the ALJ's permissible inconsistency finding alone).

### 3. Other Issues

Plaintiff included two other arguments in her Opening Brief, but the Court rejects them for the reasons discussed below.

Plaintiff contends the ALJ erred in giving weight to the medical opinion of Mr. Faytong, PA.  Dkt. 8 at 7–9.  However, Plaintiff made no argument about the ALJ's evaluation and simply states "Mr. Faytong had no real basis for the findings in his report."  *See id.* at 9.  The Court will not consider matters that are not "'specifically and distinctly'" argued in the Plaintiff's Opening Brief.  *Carmickle*, 533 F.3d at 1161 n. 2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).  Plaintiff instead takes issue with the fact that during the administrative process, the agency declined to have a consultative examination performed by Dr. Ortega, Plaintiff's treating source, and instead used Mr. Faytong, PA, a "non-treating source with less qualification."  Dkt. 8 at 8.  In support of her argument, Plaintiff points to the agency's website that provide guidelines for obtaining consultative examinations.  *Id*.  Plaintiff does not show this is binding legal authority.  In contrast, the regulations define a consultative examination as "a physical or mental examination or test purchased for [the claimant] at [the agency's] request and expense from a treating source *or* another medical source."  20 C.F.R. § 415.919 (emphasis added).  Plaintiff also incorrectly states that a physician assistant, like Mr. Faytong, is not considered an "acceptable medical source."  Dkt. 9 at 8.  Under the new regulations, "medical professionals other than physicians, such as psychologists and certain advanced practice nurses and physician assistants" are considered "acceptable medical source[s]."  *Woods*, 32 F.4th at 789, n. 2.  Plaintiff also has not shown the agency committed

harmful error considering, as Plaintiff stated during the hearing, Dr. Ortega's opinion became part of the record that is now before the Court. *See* AR 52, 419–20, 778–79. Finally, the Court notes Plaintiff did not include this assignment of error on the first page of the Opening Brief, as required by this Court's Scheduling Order. *See* Dkt. 7 at 2. Plaintiff's counsel has been previously advised that he must comply with the Court's briefing requirements.

And while Plaintiff did assign error to the ALJ's RFC assessment on the first page of the Opening Brief, Dkt. 8 at 1, Plaintiff included no specific or substantive argument in the body of the brief. As previously stated, the Court will not consider matters that are not "'specifically and distinctly'" argued in Plaintiff's Opening Brief. *Carmickle*, 533 F.3d at 1161 n. 2 (quoting *Paladin Assocs., Inc.*, 328 F.3d at 1164). Moreover, even if Plaintiff had properly raised this argument, the Court would reject it. To the extent that Plaintiff is arguing the ALJ's RFC assessment is not supported by the longitudinal record because of the ALJ's erroneous evaluation of Plaintiff's testimony and the medical opinion evidence, the Court has found the ALJ properly rejected both. Therefore, the ALJ had no obligation to include any of the limitations expressed in either Plaintiff's testimony or Dr. Ortega's medical opinion. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 3rd day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE